IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA
*ex rel.* MICHAEL L. DAVIS
1412 5th Street, NW
Washington, D.C. 20001

   *Plaintiff*,

  v.

THE DISTRICT OF COLUMBIA,
John A. Wilson Building
1350 Pennsylvania, N.W.
Washington, D.C. 20004

AND

THE DISTRICT OF COLUMBIA
PUBLIC SCHOOL SYSTEM,
825 North Capitol Street, NE, Suite 9076
Washington, DC 20002

   *Defendants*.

Case No. _____

**FILED UNDER SEAL**

## COMPLAINT

1. Plaintiff, United States of America, by and through Realtor, Michael L. Davis ("Mr. Davis"), brings this action under the Civil False Claims Act, 31 U.S.C. § 3729 *et seq.*, in order to recover damages and civil penalties from the District of Columbia (the "District") and the District of Columbia Public Schools ("DCPS"), for the knowing submission of false payment claims to United States Government under the DCPS' Medicaid Reimbursement Recovery Program for the District of Columbia Public Schools Special Education Program.

### JURISDICTION AND VENUE

2. This Court has exclusive jurisdiction over this action pursuant to 31 U.S.C. § 3732 and 28 U.S.C. § 1331, the latter of which specifically confers jurisdiction upon this Court for actions brought pursuant to 31 U.S.C. §§ 3729 & 3730.

3. Upon information and belief, Defendants the District of Columbia Government and District of Columbia Public Schools are located in and transact business in this judicial District. Therefore, under 28 U.S.C. § 1391(b) and 31 U.S.C. § 3732(a), venue is proper in this District.

THE PARTIES

4. Plaintiff Michael L. Davis is an adult resident of Baltimore, Maryland and the Chairman of the Board, President, and Chief Executive Officer of Davis & Associates. Plaintiff Davis has personal knowledge of the false claims contained in this Complaint as noted in his personal statement attached hereto as exhibit 1 and incorporated by reference.. Plaintiff brings this action for violations of the False Claims Act on behalf of himself and the United States pursuant to 31 U.S.C. § 3730(b)(1).

5. Upon information and belief, Defendant District of Columbia is a body corporate for municipal purposes organized pursuant to District of Columbia Code ("D.C. Code") §1-102 (2001 ed.).

6. Upon information and belief, Defendant DCPS is an independent agency of the District of Columbia organized pursuant to D.C. Code § 1-204.95.

INTRODUCTION

7. This is a case to recover damages and civil penalties on behalf of the United States of America arising from false and/or fraudulent statements, records, and claims made or caused to be made by Defendants and/or their agents, employees, and co-conspirators in

violation of the Federal False Claims Act, 31 U.S.C. §§ 3729, *et seq.*, as amended (the "False Claims Act" or "FCA").

FACTUAL ALLEGATIONS

8. Reimbursement for public medical clinical services is determined in accordance with Medicaid's Principles of Reasonable Costs Reimbursement described in 42 C.F.R. 413, Subparts A – G. In general, federal regulations provide that a Medicaid agency will reimburse providers for 100 percent of their reasonable costs of providing services to Medicaid beneficiaries. Since District of Columbia public medical clinics serve a significant portion of low-income patients and provide services to them either free or for a nominal charge, reimbursements are made for the reasonable costs of providing the service.

9. The principles of cost reimbursement require that providers maintain financial records and statistical data for proper determination of costs payable under the Medicaid program. The provider must furnish such information as may be necessary to assure proper payment by the Medicaid provider.

10. In 1995, Health Management Systems, Inc and Davis & Associates were awarded a contract (with extensions) to design, develop and implement a Medicaid Reimbursement Recovery Program for the DCPS' Special Education Program.

11. For several years under said contract, Davis & Associates, acting on behalf of the DCPS: 1) designed the forms to capture the necessary data for the submission of Medicaid claims for services provided by the DCPS to special education children; 2) collected the data to submit Medicaid claims for reimbursement; 3) submitted the data (in hard copy or electron data tapes) to the District's Medical Assistance Administration for payment to the DCPS Special Education Medicaid reimbursement account; 4) reconciled approved, denied, or pended

Medicaid claim accounts; and 5) maintained appropriate and necessary original claim documentation for audit purposes.

12. At the end of 1998, Davis & Associates was informed that its contract for the above-outlined services would not be renewed and that the Maximus Corporation ("Maximus") would be the new contractor beginning in fiscal year 1999.

13. Pursuant to the terms of its contract, Davis & Associates prepared the final FY98 claim reports and end of year Medicaid cost claim which totaled approximately Sixty Million dollars ($60,000,000.00) (the "FY98 DCPS Cost Claim").

14. Davis & Associates submitted the FY98 DCPS Cost Claim to the District of Columbia Medical Assistance Authority (the "DC MAA") for review and approval. Thereafter, Davis & Associates retained all documentation supporting said end of year Medicaid cost claim.

15. Upon information and belief, the DCPS Chief Financial Officer (the "DCPS CFO") withdrew the FY98 DCPS Cost Claim and substituted a revised FY98 Special Education Medicaid reimbursement cost claim in the amount of approximately eight million dollars ($8,000,000.00) provided by Maximus.

16. Upon learning of the revised submission, Davis & Associates contacted the DCPS CFO to inform him that Maximus had not been the DCPS Medicaid contractor for FY98, and therefore had no documentation to support such a claim. Furthermore, Davis & Associates advised DCPS that the Maximus DCPS cost claim did not represent the full amount owed to the DCPS.

17. The District (through Erik S. Gaull, Director of the Operational Improvements Division of the Deputy Mayor for Operations) and DCPS (through Don Rickford, CFO for DCPS) advised Davis & Associates that the Cost Claim would be corrected by September 2001.

18. Upon information and belief, in or about the Spring of 2002, Davis & Associates learned that Defendant DCPS submitted the FY98 DCPS Cost Claim, to the DC MAA a revised Medicaid Reimbursement Cost Claim for Fiscal Year 1998, in which the total reimbursement claim had been increased to a approximately sixty million dollars ($60,000,000.00), the exact amount of the FY98 DCPS Cost Claim prepared by Davis & Associates.

19. Upon information and belief, the revised cost claim was prepared by Maximus using Davis & Associates' calculations for which neither DCPS nor Maximum possessed supporting documentation as such supporting materials remained in the possession of Davis & Associates.

20. Defendant DCPS submitted the FY98 DCPS Cost Claim, unsupported claims for Medicaid services provided to children with special education needs in the District, in violation of the principles of reasonable cost reimbursement as set forth in 42 C.F.R. 413, Subpart B.[1]

21. Upon information and belief, the costs reimbursed by the United States Government in association with the revised Medicaid Reimbursement Cost Claim for Fiscal Year 1998 prepared by Maximus were not paid to the DCPS' Special Education Reimbursement account, but pursuant to the instructions of District of Columbia government officials, were paid into the District's general treasury account, resulting in a deficit for the DCPS' Special Education Division. and preventing Davis & Associates from being paid for their services in preparing the FY98 DCPS Cost Claim from any monies reimbursed under that claim to the DCPS.

---

[1] 42 C.F.R. § 413.20 provides in relevant part that "The principles of cost reimbursement require that providers maintain sufficient financial records . . . for proper determination of costs payable under the program."

22. Neither the District of Columbia Government, nor DCPS ever paid Davis & Associates for its services in preparing the FY98 Cost Claim, or in retention of the documentation supporting the FY98 DCPS Cost Claim.

23. Maximus was paid for its services in preparing the revised cost claim.

24. As a result, the reimbursements for DCPS Medicaid services provided to children with special education needs in the District of Columbia under the DCPS Medicaid Reimbursement Recovery Program were not paid into the DCPS Special Education Division, but rather to the general treasury fund of the District of Columbia. As a direct consequence, the United States Treasury has suffered millions of dollars in damages.

25. Under the FCA, this Complaint may be filed under seal, in which case it shall remain under seal for a period of at least sixty (60) days, and not be served on the Defendants until the Court so orders. The Government may intervene and prosecute the action within sixty (60) days after it receives the Complaint and supporting evidence and information, or it may permit the Realtor to prosecute the action in the name of the Government. Plaintiff has complied with these provisions of the FCA.

26. As required by FCA § 3730(b)(2), Plaintiff has provided to the Attorney General of the United States and the United States Attorney for the District of Columbia, before filing this Complaint, a statement of material evidence and information in Plaintiff's possession. The disclosure statement supports the existence of additional false claims by the Defendants. Plaintiff is the "original source" of this information under the FCA.

27. Based on these provisions, *qui tam* Plaintiff and Realtor Michael Davis seeks through this action to recover damages and civil penalties arising from Defendants' fraudulent conduct towards the United States Government.

28. Mr. Davis re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 29 of this Complaint.

29. This claim is for treble damages and forfeitures under the False Claims Act, 31 U.S.C. §§ 3729, *et seq.*, as amended.

30. Officials of the District of Columbia Government and Public Schools violated the False Claims Act by knowingly presenting false claims for Medicaid reimbursement to the United States Government. The claims were false because at the time presented Defendants did not have in their possession documentation to support and verify that Medicaid reimbursable services were provided to eligible recipients.

31. The submission of the claims was fraudulent because Defendants knew that Maximus did not possess the requisite records to support the claim for reimbursement by Medicaid.

32. Further, the claim was fraudulent because the District falsely certified to the United States Government that the money would be paid to the DCPS Medicaid account to reimburse DCPS for services provided to Medicaid recipients when in fact District government officials directed the funds to the District of Columbia General Fund.

33. By virtue of the above-described acts, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval to the United States Government, and knowingly failed to disclose material facts in order to induce the United States Government to pay or approve the false and fraudulent claims.

34. By virtue of the above-described acts, defendants knowingly made, used, or caused to be made or used false records and statements, and omitted materials facts material

facts in order to induce United States Government payment or approval of the false and fraudulent claims.

35. By reason of the payments or approvals, the United States Government has been damaged, and continues to be damaged, in substantial amount.

## COUNT 2 – FALSE CLAIMS ACT (31 U.S.C. §§ 3729(a)(3)

36. Plaintiff Michael Davis re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 35 of this Complaint.

37. This claim is for treble damages and forfeitures under the False Claims Act, 31 U.S.C. §§ 3729, *et seq.*, as amended.

38. By virtue of the above-described acts, Defendants conspired with others to defraud the United States Government by inducing the United States Government to pay or approve false or fraudulent claims. Defendants, moreover, took substantial steps in furtherance of the conspiracy by, *inter alia*, making fraudulent representations, submitting unsubstantiated claims for payment, and failing to disclose material facts.

39. By reason of the payments or approvals, the United States Government has been damaged, and continues to be damaged, in substantial amount.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against defendants as follows:

1) that this Court order Defendants to cease and desist from violating the False Claims Act, 31 U.S.C. §§ 3729, *et seq.*, as amended;

2) that this Court enter judgment against Defendants in an amount equal to three (3) times the amount of damages the United States has sustained as the result of Defendants' actions,

plus a civil penalty of not less than $5,000.00 and not more than $10,000.00 for each violation of the False Claims Act, 31 U.S.C. §§ 3729, *et seq.*, as amended;

3) that Plaintiff be awarded the maximum amount pursuant to the False Claims Act, 31 U.S.C. §§ 3730(d);

4) that Plaintiff be awarded all cost of this action, including attorneys' fees and costs; and

5) that Plaintiff and the United States be awarded such other relief as this Court deems proper.

DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff/Realtor demands a trial by jury in this matter on all issues so triable.

Respectfully submitted,

MICHAEL DAVIS

By: *Frederick A. Douglas*
Frederick A. Douglas (# 197897)
Curtis A. Boykin (# 444120)
Douglas & Boykin, PLLC
Suite 310
1401 Eye Street, NW
Washington, D.C. 20005
202-842-1800 (V)
202-842-1829 (F)

Date: April 5, 2006

*Counsel for Plaintiff/Realtor,
Michael L. Davis*