IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA<br>*ex rel.* MICHAEL L. DAVIS,<br><br>     *Plaintiff*,<br><br>     v.<br><br>THE DISTRICT OF COLUMBIA, *et al.*,<br><br>     *Defendants*. | Case No. 1:06CV00629 (JB) |

**OPPOSITION TO**
**THE DISTRICT DEFENDANTS' MOTION TO ENLARGE TIME TO ANSWER**
**OR OTHERWISE RESPOND TO THE COMPLAINT**

Michael L. Davis (hereinafter referred to as "Mr. Davis" or "Plaintiff") respectfully opposes the District of Columbia's and District of Columbia Public School System's (hereinafter collectively, the "District Defendants") motion for a 60-day enlargement of time to respond to Plaintiff's complaint, and as grounds in support of his opposition, he states the following:

**Procedural History**

This case is an action filed under the Civil False Claims Act, 31 U.S.C. §§ 3729 *et seq.*, in order to recover damages and civil penalties from the District of Columbia (the "District") and the District of Columbia Public Schools ("DCPS") for the knowing submission of false payment claims to United States Government under the DCPS'

Medicaid Reimbursement Recovery Program for the District of Columbia Public Schools Special Education Program.[1]

By Order dated November 1, 2007, this Court lifted the seal in this case and ordered that Plaintiff serve the District. Soon after the seal was lifted, on or about December 3, 2007, Mr. Davis informed the District's auditors of the pendency of the FCA action. On December 31, 2007, the Court ordered that Plaintiff serve Defendants by January 22, 2008, or show good cause why service was not effected.

On January 8, 2008, Plaintiff, through, the undersigned counsel wrote to the Interim Attorney General requesting that the District give its immediate attention to this matter to forestall suit, if possible, and verify certain facts that would possibly obviate the necessity of suit against the District. *See* Exhibit 1 attached, letter from Frederick A. Douglas to Peter J. Nickles, delivered by messenger, Jan. 8, 2008. The letter was unanswered.

On January 22, 2008, the District was served with process. With twenty days to answer, the District's response is due February 11, 2008.[2]

On January 29, 2008, the District filed a request for a 60-day enlargement of time in which to respond to Plaintiff's complaint. The basis for the District's request appears to be that it will be inconvenient for the District to respond because one of the five District's lawyers appearing on the signature line of the motion "will be out of the

---

[1] Under the False Claims Act (FCA), a complaint is filed under seal and shall remain under seal for a period of at least sixty (60) days, and shall not be served on the defendants until the Court so orders.

[2] In its Motion for Enlargement, the District erroneously asserts that its answer is due February 14, 2008.

country for ten days in March and will require additional time to finalize the response upon her return." District's Motion to Enlarge at 2.

**Argument**

First, we disagree with the District that investigation of Plaintiff's claims "will require significant time and resources to investigate . . and prepare a thorough response." Plaintiff contends that this case does not involve a complex investigation. Rather, distillation of Plaintiff's claims reveals that this is very simply a case of misappropriation which can be readily ascertained by review of specific District of Columbia financial records and interviews of a discrete number of individuals.

In his Complaint, Plaintiff specifically identifies a discrete number of individuals at a specific point in time who were involved and have knowledge of the fact that Medicaid funds were drawn down without supporting documentation. The evidence to review is discrete, identifiable, and readily available.

The District's request for an enlargement of sixty days in which to respond to the Complaint is not well founded. The District has stated no legitimate basis other than "inconvenience" to support its request. Rule 6(b)(1) allows a court ("for cause shown" and "in its discretion") to grant a "request" for an extension of time, however, any extension of a time limitation must be "for cause shown." *See Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 896 (1990).

Plaintiff brought this case to the attention of the District well before service of the Complaint so that the District could investigate Plaintiff's claims, and possibly avoid service of process. *See* Exhibit 1. Without explanation, Plaintiff's request was simply ignored.

3

Moreover, it is either error or disingenuous to assert that an additional enlargement of sixty days is "inconsequential." It is not. Plaintiff has sought to have this case prosecuted as judiciously as possible; however, certain delays not attributable to Plaintiff, derailed timely prosecution of the claims.

**Conclusion**

Wherefore, the foregoing premises considered, Plaintiff respectfully requests that the Court deny the District's request, or in the alternative, limit the enlargement to thirty (30) days to file an answer or other responsive pleading to Plaintiff's Complaint up to and including March 11, 2008.

Respectfully submitted,

MICHAEL L. DAVIS


*/S/*

By: _____
Frederick A. Douglas (# 197897)
Curtis A. Boykin (# 444120)
Douglas & Boykin PLLC
Suite 640
1850 M Street, NW
Washington, D.C. 20036
202-776-0370 (V)
202-776-0975 (F)

Date: January 30, 2008

*Counsel for Plaintiff/Relator*
*Michael L. Davis*

## CERTIFICATE OF SERVICE

This is to certify that on this 30th day of January, 2008, a true copy of the foregoing Opposition To the District Defendants' Motion to Enlarge Time to Answer or Otherwise Respond to the Complaint was served via electronic transmission through the electronic case filing system upon counsel for the named parties.

/S/

_____
Curtis A. Boykin