# DOUGLAS & BOYKIN PLLC

January 8, 2008

**By Messenger**

Peter J. Nickles, Esquire
Interim Attorney General
Office of the Attorney General
John A. Wilson Building
1350 Pennsylvania Avenue, NW, Suite 300
Washington, DC 20004

> Re:   *United States of America ex rel. Michael L. Davis v. The District of Columbia, et al., (In the United States District Court for the District of Columbia, Case No. 1:06CV00629).*

Dear Mr. Nickles:

Congratulations on your recent appointment as Interim Attorney General. Please allow me to take the liberty of bringing to your attention an emergent matter that requires your immediate attention to forestall suit against the District of Columbia.

We represent Mr. Michael L. Davis and Davis & Associates, Inc. (hereinafter collectively referred to as "Davis & Associates" or "Mr. Davis"). Davis & Associates was in the business of assisting public entities to recover reimbursement for providing medical services to persons who were eligible for Medicaid. For months, the District of Columbia's receipt of Medicaid funds has been the subject of on-going federal investigations.

On April 5, 2006, Davis & Associates filed an action, under seal, in the United States District Court for the District of Columbia pursuant to the Civil False Claims Act, 31 U.S.C. §§ 3729 *et seq.*, against the District of Columbia (the "District") and the District of Columbia Public Schools ("DCPS"), for the knowing submission of false payment claims to United States Government under the DCPS' Medicaid Reimbursement Recovery Program for the District of Columbia Public Schools Special Education Program. (The case is styled as is referenced above.)

On October 24, 2007, the United States Department of Justice declined to intervene in the litigation. On November 1, 2007, the Court unsealed the case and ordered Davis to serve the named party defendants with process on or before January 22, 2008, or show good cause why service has not yet been completed. We have not served the complaint upon the District because it is unclear whether it is still a proper defendant.

The essential facts supporting Mr. Davis' Complaint are as follows:

DOUGLAS & BOYKIN PLLC

Peter J. Nickles, Esquire
Interim Attorney General
January 8, 2008
Page 2 of 3

In 1995, Health Management Systems, Inc. and Davis & Associates were awarded a contract to design, develop and implement a Medicaid Reimbursement Recovery Program for the DCPS' Special Education Program. For several years under the contract, Davis & Associates, acting on behalf of the DCPS: 1) designed the forms to capture the necessary data for the submission of Medicaid claims for services provided by the DCPS to special education children; 2) collected the data to submit Medicaid claims for reimbursement; 3) submitted the data (in hard copy or electron data tapes) to the District's Medical Assistance Administration for payment to the DCPS' Special Education Medicaid reimbursement account; 4) reconciled approved, denied, or pended Medicaid claim accounts; and 5) maintained appropriate and necessary original claim documentation for audit purposes.

At the end of 1998, Davis & Associates was informed that its contract would not be renewed and that the Maximus Corporation ("Maximus") would be the new contractor beginning in fiscal year 1999. Pursuant to the terms of its contract, Davis & Associates prepared the final FY98 claim reports and end of year Medicaid cost claim which totaled approximately sixty million dollars ($60,000,000.00) (the "FY98 DCPS Cost Claim"). Davis & Associates submitted the FY98 DCPS Cost Claim to the District of Columbia Medical Assistance Administration (the "DC MAA") for review and approval. Thereafter, Davis & Associates retained all documentation supporting the end of year Medicaid cost claim as required by the Medicaid program.

Mr. Davis avers that the DCPS Chief Financial Officer (the "DCPS CFO") withdrew the FY98 DCPS Cost Claim and substituted a revised FY98 Special Education Medicaid reimbursement cost claim in the amount of approximately eight million dollars ($8,000,000) provided by Maximus. Upon learning of the revised submission, Davis & Associates contacted the DCPS CFO to inform him that Maximus had not been the DCPS Medicaid contractor for FY98, and therefore had no documentation to support such a claim. Furthermore, Davis & Associates advised DCPS that the Maximus DCPS cost claim did not represent the full amount owed to the DCPS.

Mr. Davis further avers that in or about the Spring of 2002, Davis & Associates learned that Defendant DCPS submitted to the DC MAA a revised Medicaid Reimbursement Cost Claim for Fiscal Year 1998, in which the total reimbursement claim had been increased to approximately sixty million dollars ($60,000,000). The revised cost claim was prepared using calculations for which neither DCPS nor Maximum possessed supporting documentation.

In or about January 2007, well after the filing of the False Claims Act action, Davis & Associates learned that District of Columbia Medicaid draw downs/reimbursements of approximately $80,000,000 (Eighty Million Dollars) in funds allotted for reimbursement of

DOUGLAS & BOYKIN PLLC

Peter J. Nickles, Esquire
Interim Attorney General
January 8, 2008
Page 3 of 3

Medicaid claims for the DCPS Special Education Medicaid Reimbursement Program had been disallowed, offset, or otherwise administratively adjusted by the Department of Health & Human Services (HHS), Region III of the Centers for Medicare & Medicaid Services (CMS). Upon information and belief, HHS' action concerned, among other things, the FY98 Cost Claim.

    Davis & Associates believes that the recent offset and/or any adjustment is, in part, the result of information he provided. Before proceeding further with suit against the District of Columbia it is imperative that Davis resolve whether there was any adjustment by HHS of the cost claims/reports submitted on behalf of DCPS by the Maximus Corporation for FY98, and/or any fiscal year as a result of information provided by Davis.

    Verification is necessary because there is the question as to whether Davis & Associates can continue with the action against the District of Columbia. If the DCPS FY98 Maximus Corporation Cost Claim or any cost claim/report or Medicaid submission has been disallowed, offset, and/or otherwise adjusted as a result of information provided by Davis & Associates, the District of Columbia may not be the proper defendant; the United States has received its recovery or otherwise fashioned a result with which it is satisfied. Davis & Associates principal mission is disgorgement, if the United States has resolved and/or compromised that issue; Davis does not intend to go forward with a quixotic mission to address the remaining intangible wrong.

    We request the District of Columbia's advice as to whether it will provide the requested verification so that we may advise Mr. Davis whether to proceed. Please contact us at your earliest convenience, but before January 22, 2008. Thank you.

                                       Very truly,

                                       Frederick A. Douglas