# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

—————————————————————
)
THE UNITED STATES OF AMERICA  )
Ex rel. MICHAEL L. DAVIS,  )
)
        Plaintiffs,  )
)  Case Number:  06-629 (JDB)
        v.  )
)
THE DISTRICT OF COLUMBIA, et al.  )
)
        Defendants.  )
—————————————————————)

## DISTRICT DEFENDANTS, THE DISTRICT OF COLUMBIA AND THE DISTRICT OF COLUMBIA PUBLIC SCHOOL'S MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b) (1) and (6), and for the reasons set forth in the accompanying memorandum of points and authorities, Defendants, the District of Columbia and the District of Columbia Public Schools  (hereinafter the "District Defendants"), by and through undersigned counsel, move this Court for an order dismissing, with prejudice, the above-captioned complaint.

This is a *qui tam* action brought pursuant to the False Claims Act, 31 U.S.C. § 3730 ("FCA").   In order to properly sustain this complaint, Davis is required to:

- support its claim of firsthand, direct and independent knowledge with sufficient facts;

- voluntarily provide information upon which the complaint is based to the government before filing an action, which is not the same as serving a disclosure statement on DOJ;

- file a disclosure to the government prior to any public disclosure

- allege fraud with specificity; and,

- Allege concert of action to support the alleged conspiracy

The complaint fails on these and other bases to sustain claims against the District Defendants. Each and every count of the complaint should be dismissed, as well as Defendant DCSP, for the following reasons.

First, Davis asserts that it is an "original source" relator, which requires it to provide firsthand, direct and independent evidence of the District Defendant's misconduct to the government prior to filing suit and prior to any public disclosure.  31 U.S.C. § 3730(e)(4)(B); *United States ex rel. Stone v. Rockwell*, ___ U.S. ____, 127 S. Ct. 1397, 1405 (2007).  *United States ex rel. Findley v. FPC-Boron Employees' Club,* 105 F. 3d 675, 690 (D.C. Cir.), *cert. denied,* 552 U.S. 865 (1997).  However, the FCA complaint lacks any support for Davis' claim of "direct" first hand knowledge regarding the District's alleged misconduct since the elements of the FCA violations (1) occurred after Davis was a sub-contractor, and (2) are alleged in the complaint as merely "on information and belief."  As a result of the foregoing two conditions, this Court lacks jurisdiction over the entire complaint.

Second, Davis fails to properly allege its procedural notice prerequisites, which are two-fold.  *Compare*, 31 U.S.C. § 3730(e)(4)(B) (notice required to government of facts on which the allegations are based to sustain "original source" requirements) *with*  31 U.S.C. (b)(2) (disclosure notice required to DOJ). Davis admits filing a disclosure statement with DOJ; but, Davis inappropriately conflates that service with voluntarily providing information upon which the complaint is based to the government before filing the action.

Third, Davis fails to allege fraud with specificity. Davis makes all of its salient fraud allegations on "information and belief."  This lack of specificity fails to give the Defendants

notice of the claim against which they must defend.  As such, Count I and II of the complaint should be dismissed.

Fourth, Davis alleges "conspiracy" as a conclusion of law; however, the District Defendants, their agency, officials and employees cannot form a conspiracy since they are, as a matter of law, one entity.  Moreover, Davis fails to allege a concert of action by these individuals to adequately sustain a claim of conspiracy.  In addition, Davis' conspiracy claims is barred by the intracorporate conspiracy doctrine, which recognizes that it not possible for the District, its officials, employees, and agents to conspire since they are one entity, and failed to allege any agreement to conspire. Thus, the claim set forth in count III must be dismissed.

Fifth, Davis inappropriately sued a District agency that is *non sui juris*.  Thus, DCPS must be dismissed from this suit.

Pursuant to LCvR 7(m) and due to the fact that this is a dispositive motion, no consent for this motion was sought from opposing *pro se* relator.  A LCvR 9(a) supporting memorandum and a LCvR 7(c) proposed order accompany this motion.

Respectfully submitted:

PETER NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

ELLEN EFROS [250746]
Chief, Equity Section I

/s/ Denise J. Baker
Denise J. Baker
D.C. Bar No. 493414
Assistant Attorney General
441 4th Street, Northwest, 6th Floor South

Washington, D.C. 20001
202-442-9887 (Telephone)
202-727-0431 (Facsimile)
Denise.baker@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of April 2008, true copies of the foregoing Motion to Dismiss, Memorandum of Points and Authorities, and proposed Order were filed electronically with the Court for ECF service upon:

Frederick A. Douglas
Curtis A. Boykin
1401 Eye Street NW, Suite310
Washington, DC 20005

/s/ Denise J. Baker
DENISE J. BAKER

4

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |
|---|---|
| THE UNITED STATES OF AMERICA | ) |
| *Ex rel*. MICHAEL L. DAVIS, | ) |
|  | ) |
| Plaintiffs, | ) |
|  | )    Case Number:  06-629 (JDB) |
| v. | ) |
|  | ) |
| THE DISTRICT OF COLUMBIA, et al. | ) |
|  | ) |
| Defendants. | ) |

_____)

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
### OF DISTRICT DEFENDANTS' MOTION TO DISMISS

District Defendants, comprised of the District of Columbia (the "District"), and the

District of Columbia Public Schools ("DCPS") (collectively "the District Defendants"), by and

through undersigned counsel, and pursuant to Federal Rules of Civil Procedure 12 (b) (1) and

(6),  move this Court for an order dismissing, with prejudice, the above-captioned complaint.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This Court should take judicial notice that for the second time plaintiff/relator, Davis and

Associates (hereinafter "Davis" or "Relator"), brings the same operative facts before a tribunal in

order to garner undeserved monetary reward from the District Defendants.  In a May 24, 2006

U.S. District Court racial discrimination case, Davis first characterized itself as a scorned

minority contractor[1]; but now aspires to the lofty role of whistleblower or white knight in this

_____

[1]      In *Davis v. District of Columbia*, 501 F. Supp. 2d 77, 80-81 (D.D.C. 2007) (Kessler, J.), the court dismissed Davis' claims under 42 U.S.C. §§ 1981, 1983 for $268 million on the basis that the underlying contract, which is the same contract alleged *sub judice*, was void *ab initio* for failure to comply with the Anti-Deficiency Act, 31 U.S.C. § 131 et seq. and was not signed by the parties to be bound. Again, the same operative facts were at issue, thus the pleadings, discovery, and testimony form the basis of the "public disclosure" prerequisite to Davis' "original source" requirement. 31 U.S.C. § 3730 (e) (4) (A). The discrimination complaint was filed days after the *qui tam complaint* was filed; however the qui tam action was filed under seal. Thus the discrimination complaint was in the public domain first and forms the basis for a public disclosure.

False Claims Act complaint (hereinafter "FSA complaint").[2]  Regardless of the circumstance, Davis should not be rewarded.

### A.  *Timeline of Events*[3]

1.  In 1995, Health Management Systems, Inc. ("HMS"), and Davis were awarded a contract to design, develop and implement a Medicaid Reimbursement Recovery Program for the school district's special education program.  (Compl. ¶ 9).

2.  At the end of 1998, Davis was informed that the contract would not be renewed.  (*Id*. at ¶ 12).

3.  Maximus Corporation ("Maximum") was awarded the contract for the fiscal year beginning 1999.  (*Id*.)

4.  Davis prepared an FY 98 claims report and end of year Medicaid cost claim which Davis alleges totaled approximately sixty million dollars, and submitted the cost claims to the Districts Medicaid Program ("MAA").  (*Id*. at 13-14).

5.  On April 4, 2006 Davis filed the above-captioned FSA complaint under seal.

6.  On or about May 24, 2006 Davis filed a discrimination action arising out of the contractual relationship with the District Defendants on the HMS contract, *Davis v. District of Columbia*, 501 F. Supp. 2d 77 (D.D.C. 2007), which was not under seal or subject to a protective order.

---

[2]      The FCA complaint asserts that "[R]elator Davis is an original source of the information and allegations contained herein, as he has direct and independent knowledge of all information on which this claim is based. (Complaint ¶ 53).

[3]      All additional assertions, allegations, and claims set forth in the complaint are made "on information and belief" and are not set forth in the timeline since they are speculative and lack specificity.

7. On or about October 26, 2007, the United States declined to intervene in the action pursuant to the False Claims Act, 31 U.S.C. § 3730 (b) (4) (B).

8. On or about November 2, 2007 this Court ordered that the complaint be unsealed and all pleadings appropriately served pursuant to 31 U.S.C. § 3730 (c) (3).

## B. The Complaint's Allegations

Count one of the FCA complaint alleges a false certification claim pursuant to 31 U.S.C. § 3729 (a) (1). (Compl. ¶ 30-34).

Count two of the FCA complaint alleges that the District Defendants "made, used, or caused to be made or used false records and statements, and omitted material facts in order to induce the United States Government payment or approval of the false and fraudulent claims," which Davis characterizes as a violation of 31 U.S.C. § 3729 (a) (2).

Count three of the FCA complaint alleges that the District Defendants conspired with others to defraud the federal government. Davis contend that this alleged conspiracy is a violation of 31 U.S.C. § 3729 (a) (3). Davis asserts his FSA complaint relator status as "original source." (Compl. ¶ 26).

## C. Qui Tam Relator "Original Source" Complaint Allegations

Davis claims that its "original source" status derives from its contractual relationship with the District Defendants. (Compl. ¶ ¶ 10-14). According to Davis, on or about January 26, 1998, Health Management Systems, Inc. (hereinafter referred to as "HMS") and the District of Columbia Public Schools ("DCPS") entered into a contingency contract which provided that

HMS would undertake the reimbursement and recovery programs to recover the expenditures from liable third parties for and on behalf of the DCPS.[4]

HMS subsequently entered into a subcontract with Plaintiff for the performance of the work described in the 1998 contract. Davis claims that in the performance of its subcontractual duties, it discovered millions of dollars payable to DCPS that would, in turn, result in large contingency payments back to Davis. The more money that Davis avers it "discovered" was due to DCPS from uncollected Medicaid programs and placed in a specific account, the more money that Davis would receive in contingent fees.

Davis claims to have provided to the U.S. Attorney General a statement of material evidence. (Complaint ¶ 26). Davis fails, however, to allege that it voluntarily provided information upon which the complaint is based to the government before filing the action

### D.    *Complaint Allegations of Fraud on "Information and Belief"*

The crux of Davis' *qui tam* fraud claims lacks specificity and is pled on "information and belief." Examples of Davis' "information and belief" pleadings are as follows: Davis alleges that DCPS submitted an incorrect claim to Medicaid for the FY98 period (Compl. ¶ 18); Davis alleges that the FY98 Medicaid Cost Claims were not paid to the DCPS Medicaid account; but were paid, instead, to the District's general treasury account (*Id*. at 21). There is no allegation of who, specifically, submitted the claim to the U.S. government, or when exactly it was submitted. The complaint only states that a claim was submitted, on information and belief "in or about the Spring of 2002." (Compl. ¶18).

### LEGAL STANDARDS

### A. *Federal Rules of Civil Procedure 12 (b) (1) Motion to Dismiss*

---

[4]    *See, Davis v. D.C.*, 501 F. Supp. *at* 79 for Judge Kessler's findings of fact related to the underlying contracts.

On a motion to dismiss pursuant to Rule 12 (b) (1), the plaintiff bears the burden of establishing that the court has jurisdiction.  *Dist. of Columbia Retirement Bd. v. United States*, 657 F. Supp. 428, 431 (D.D.C. 1987).  A court must dismiss a case when it lacks subject matter jurisdiction.  At the motion to dismiss stage, counseled complaints, as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact.  *Settles v. U.S. Parole Comm'n*, 429 F. 3d 1098, 1106 (D.C. Cir. 2005).  In spite of the favorable inferences that a plaintiff receives on a motion to dismiss, it remains the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence.  *Am. Farm Bureau v. Environmental Port. Agency,* 121 F. Supp. 2d 84, 90 (D.D.C. 2000). The court need not, however, accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations. *See, e.g., Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).  In addressing a motion to dismiss pursuant to Rule 12 (b) (1), the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coalition for Underground Expansion v. Mineta*, 333 F. 3d 193, 198 (D.C. Cir. 2003).

### B.   *Federal Rules of Civil Procedure 12 (b) (6) Motion to Dismiss*

The Federal Rules of Civil Procedure Rule 12 (b) (6) require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief. In order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v Twombly,* 550 U.S. ___, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355, U.S. 41, 47 (1957)); *accord Erickson v. Pardus*, 551 U.S. ___, 127 S. Ct. 2197, 2200 (2007) (*per curiam*).  Although "detailed factual allegations" are not necessary to withstand a Rule 12 (b) (6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a

plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 1964-65; *see also, Papasan v Allain,* 478 U.S. 265, 284-286 (1986) (facts must be sufficiently described in the complaint to allow the court to draw such inferences); Fed. R. Civ. Pro. 12(b) (6). "Factual allegations [in the complaint] must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact.)" *Bell Atl.,* 127 S. Ct. *at* 1965 (citations omitted).

While a Court must construe the complaint in plaintiffs' favor, it "need not accept inferences drawn by the plaintiff [ ] if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Comm'ns Corp.,* 16 F. 3d 1271, 1276 (D.C. Cir. 1994). Moreover, the court is not bound to accept the legal conclusions of the non-moving party. *See Taylor v FDIC,* 132 F. 3d 753, 762 (D.C. Cir. 1997). The Court is limited to considering facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record. *See E.E.O.C. v. St. Francis Xavier Parochial Sch.,* 117 F. 3d 621, 624 (D.C. Cir. 1997).

### C. *Federal Rules of Civil Procedure 9 (b) Pleading Requirements*

The Federal Rules of Civil Procedure Rule 9 (b) require that a complaint alleging fraud must be pleaded with particularity. Fed. R. Civ. Pro. 9 (b). "[T]he complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result. Put another way, the complaint must identify the 'who, what, where, when and how' of the alleged fraud." *United States ex rel. Joshi v. St. Luke's Hospital,* 441 F.3d 552, 556 (8th Cir. 2006). It is impermissible in this Circuit for Plaintiff to rely on "information and belief" pleading, instead of making more detailed, factual allegations in support

of fraud allegations. *See Bender v. Rocky Mountain Drilling Associates,* 648 F. Supp. 330, 335-36 (D.D.C. 1986).

### D.  Federal Rules of Civil Procedure 11 Pleading Requirements

Rule 11 applies to all civil filings, including *qui tam* complaints, and provides in pertinent part as follows:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying tht to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
> * * *
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. . ..

If, after a reasonable pre-complaint inquiry, a person still bases the factual allegations of his complain only on rumor or suspicion, he does not have an adequate Rule 11 basis to make those allegations.  *Bankers Trust Co. v. Old Republic Inc. Co.*, 959 F. 2d. 677-683 (7th Cir. 1992).

### E.  False Claims Act Pleading Requirements

The jurisdictional inquiry proceeds in two steps, each with two subsidiary prongs of its own. First, the court must determine that: (1) there has been a public disclosure of allegations or transactions; and (2) that the lawsuit is based upon the public disclosure of allegations or transactions. *U.S. ex rel. Springfield Terminal Railway Co. v. Quinn,* 14 F.3d 645, 651 (D.C. Cir. 1994).

Second, if there is a public disclosure, the court must determine whether the relator is an original source, meaning one who: (1) has direct and independent knowledge of the information and (2) voluntarily provided that information to the government before filing the action.  *Id.*

The information referenced in Section 3730(e) (4) (B) is the information upon which the relators' allegations are based," meaning that the inquiry should not focus on whether the relator was the source of the public disclosure, but rather whether he is a source of the information underlying his own suit. *Rockwell*, 127 S. Ct. at 1408 (2007).

## II.    LEGAL ARGUMENT

### A.  SUMMARY OF ARGUMENT

In order to properly sustain this complaint pursuant to the False Claims Act, Davis was required to:

- support its claim of firsthand, direct and independent knowledge with sufficient facts;

- voluntarily provide information upon which the complaint is based to the government before filing an action, which is not the same as serving a disclosure statement on DOJ;

- file a disclosure to the government prior to any public disclosure

- allege fraud with specificity; and,

- Allege concert of action to support the alleged conspiracy

The complaint fails on these and other bases to sustain claims against the District Defendants. Each and every count of the complaint should be dismissed, as well as Defendant DCSP, for the following reasons.

First, Davis asserts that it is an "original source" relator, which requires it to provide firsthand, direct and independent evidence of the defendant's misconduct to the government prior to filing suit and prior to any public disclosure. *Rockwell*, 127 S. Ct. at 1405 (2007). *United States ex rel. Findley v. FPC-Boron Employees' Club,* 105 F. 3d 675, 690 (D.C. Cir.),

*cert. denied,* 552 U.S. 865 (1997). However, the FCA complaint lacks any support for Davis' claim of "direct" first hand knowledge regarding the District's alleged misconduct since the elements of the FCA violations (1) occurred after Davis was a sub-contractor, and (2) are alleged in the complaint as merely "on information and belief." As a result of the foregoing two conditions, this Court lacks jurisdiction over the entire complaint.

Second, Davis fails to properly allege its procedural prerequisites. For example, Davis admits filing a disclosure statement with DOJ, but inappropriately conflates that service with voluntarily providing information upon which the complaint is based to the government before filing the action. This is a two-fold disclosure requirement, but Davis only alleges one.

Third, Davis fails to allege fraud with specificity. Davis makes all of its salient fraud allegations on "information and belief." This lack of specificity fails to give the Defendants notice of the claim against which they must defend. As such, Count I and II of the complaint should be dismissed.

Fourth, Davis alleges "conspiracy" as a conclusion of law in Count III; however, the District Defendants, their agency, officials and employees cannot form a conspiracy since they are, as a matter of law, one entity. Davis fails to allege a concert of action of these individuals to adequately sustain a claim of conspiracy. Moreover, Davis' conspiracy claims is barred by the intracorporate conspiracy doctrine, which recognizes that it not possible for the District, its officials, employees, and agents to conspire since they are one entity, and failed to allege any agreement to conspire. Thus, the claims set forth in count III must be dismissed.

Fifth, Davis inappropriately sued a District agency that is *non sui juris*. Thus, DCPS must be dismissed from this suit.

**B.  THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE CLAIMS ALLEGED IN THIS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) BECAUSE DAVIS FAILS TO ALLEGE THE PREQUISITES TO THE ORIGINAL SOURCE RULE**

FCA forecloses subject matter jurisdiction "over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless ... the person bringing the action is an original source of the information." *Id.* § 3730(e) (4) (A)[5].  This provision is often referred to as creating a "public disclosure bar" to would-be *qui tam* relators. *See Rockwell,* 127 S. Ct. at 1405 (2007). To overcome the public disclosure bar requires (1) a relator who can show first-hand direct and independent knowledge, and (3) voluntarily provision of information to the Government prior to filing the Complaint.

### 1.    Davis' Publicly Disclosed the Qui Tam Allegations

A public disclosure occurred when Davis served, filed, and litigated the same operative facts in a federal race discrimination court action.  *Davis v. District of Columbia*, 501 F. Supp. 2d 77 (D.D.C. 2007) (hereinafter "Davis discrimination complaint").  *See United States ex rel. McKenzie v. BellSouth Telecomms., Inc.,* 123 F.3d 935, 939 (6th Cir.1997) (holding that unsealed documents that have been filed with a court, such as discovery documents and a plaintiff's complaint, trigger the public disclosure bar).

The Davis discrimination complaint was filed on May 24, 2006, which is admittedly, over one month prior to the FCA complaint, which was filed on April 4, 2006.  However, the

---

[5] "Public disclosure" also includes documents that have been filed with a court, such as discovery documents and a plaintiff's complaint. *Quinn,* 14 F.3d 641, 652 (D.C. Cir. 1994); *Federal Recovery Servs., Inc. v. United States,* 72 F.3d 447, 450 (5th Cir.1995) ("[A]ny information disclosed through civil litigation and on file with the clerks office should be considered a public disclosure of allegations in a civil hearing for the purposes of section 3730(e)(4)(A)." (quoting *United States* ex rel. *Siller v. Becton Dickinson & Co.*, 21 F.3d 1339, 1350 (4th Cir.), *cert. denied,* 513 U.S. 928, (1994)).

FCA complaint was filed "under seal," thus, not publicly disclosed.  On the other hand, the discrimination case was not filed "under seal." Moreover it was not subject to a protective order. It has been established that a "civil hearing" encompasses pleadings and other materials filed in civil litigation, and not just live "hearings" in open court, so long as the paper matter is not subject to a protective order. *See, e.g., Springfield Terminal,* 14 F.3d at 652 (holding that "discovery material, when filed with the court (and not subject to protective order) is 'publicly disclosed' in a 'civil hearing' " for FCA purposes).

In the Davis discrimination case "Joint Statement of the Case" Davis publicly disclosed the $60 million recovery due to D.C. Public Schools from uncollected Medicaid programs. (See Exhibit A attached hereto--Joint Statement of the Case, No. 06-976-GK, page 2). Davis also averred the D.C. CFO's responsibility for "recording and accounting for all District funds as well as the preparation and submission of official and certified reports to the United States Congress and the Executive branch of the federal government."  (*Id.*).

Since it was Davis that made the initial "public disclosure" in a civil pleading, it is jurisdictionally barred from making substantially similar allegations in its *qui tam* complaint that are already in the public domain.  *Findley supra; United States ex rel. Springfield Terminal Ry. Co. v. Quinn,* 14 F.3d 645 (D.C. Cir. 1994). According to this Circuit, "the jurisdictional bar is triggered whenever the relator files a complaint describing allegations *or* transactions *substantially similar* to those in the public domain." *Findley,* 105 F.3d at 682 (emphasis added). The purpose of the jurisdictional bar is "to limit *qui tam* actions 'to those in which the relator has contributed significant independent information [that is not already in the public domain].'" *Id.* at 682 (brackets supplied by the Court), (quoting *Springfield Terminal Ry. Co.,* 14 F.3d at 653). The jurisdictional bar thus applies "'when either the allegation of fraud *or* the critical elements of

the fraudulent transaction themselves were in the public domain.'" *Id.* at 683 (emphasis added), quoting *Springfield Terminal Ry. Co.,* 14 F.3d at 654.  Put another way, "*qui tam* actions are barred ... when enough information exists in the public domain to expose the fraudulent transaction ... or the allegation of fraud ..." *Findley,* 105 F.3d at 686, quoting *Springfield Terminal Ry. Co.,* 14 F.3d at 654.

Thus, for example, in *Findley,* this Court dismissed a *qui tam* action for want of jurisdiction because it was based on publicly disclosed information and the relator was not the original source of the government's information. The practice of operating vending machines in federal facilities and retention of profits had been disclosed in a 1952 Comptroller General Opinion, which observed that the legal authority of administrative officials to agree to this practice was "'doubtful;' " a 1974 Senate Report "reveal[ed] a history of GAO and congressional inaction despite an awareness of the questioned legality of the employee groups' retention of funds." 105 F.3d *at* 685-686.

Likewise, Davis placed sufficient notice of his *qui tam* claims in the public domain to deny jurisdiction to this Court. Davis publicly disclosed the $60 million recovery due to D.C. Public Schools from uncollected Medicaid programs in its discrimination civil complaint, as well as the duty of the CFO to properly report the funds to the federal government.  (*See*, Exhibit A, page 2).

### 2.    *Davis' Original Source Allegations Fail to Establish Subject Matter Jurisdiction*

That the acts or omissions of the District Defendants are in the public domain should conclude this analysis; however, Davis also fails to sustain the requirements of the second step of the analysis.

The next step in the subject matter jurisdictional analysis is to determine whether Davis meets the "original source" test.  "Original source" criteria are that the relator has (1) direct and independent knowledge of the facts upon which the allegations are based, and (2) has voluntarily provided the information upon which the complaint is based to the Government before filing an action.  *Rockwell*, 127 S. Ct. at 1405 (2007).  31 U.S.C. § 3730(e) (4) (B).  A prospective relator's knowledge is "direct" if he acquired it through his own efforts, without an intervening agency, and it is "independent" if the knowledge is not dependent on public disclosure.  *See Springfield Terminal Railway Co.,* 14 F.3d at 656 (D.C. Cir. 1994). Davis does not meet the "original source" test for subject matter jurisdiction.

Davis' FCA fraud claims are not direct since they are pled on "information and belief." Davis' fraud allegations are not based on "direct" knowledge or "independent" knowledge. *Rockwell, supra.*    General allegations based on "information and belief," simply do not, satisfy the pleading rule requiring all averments of fraud to be stated with particularity.  *Bender, 648 F. Supp. at 335-36; See also, Bresson v. Thompson McKinnon Securities, Inc.,* 641 F. Supp. 338, 346 n. 6. (S.D.N.Y. 1986).  Implicit in an "on information and belief" pleading is the presumption that the pleader knows not of what he speaks.  He is just assuming.

Examples of Davis' insufficient "information and belief" pleadings are as follows: Davis alleges that DCPS submitted an incorrect claim to Medicaid for the FY98 period.  (Compl. ¶ 18). Davis alleges that the FY98 Medicaid Cost Claims were not paid to the DCPS Medicaid account; but were paid, instead, to the District's general treasury account. (*Id*. at ¶ 21)  There is no allegation of who, specifically, submitted the claim to the U.S. government, or when exactly it was submitted.  The complaint only states that the claim to the government was submitted, on information and belief "in or about the Spring of 2002." (Compl. ¶18).

The second prong of the "original source" rule requires Davis "voluntarily provided the information to the Government before filing" its claims. 31 U.S.C. § 3730(e)(4)(B); *Rockwell,* 127 S.Ct. at 1410.  Davis did not do so, and its claims under Count I and II, therefore, are barred.

 FCA subject matter jurisdiction requires **voluntary** provision of the information upon which the complaint is based to the Government before filing an action.  Procedurally, every relator is mandated by the FCA, § 3730 (b) (2), to serve the Department of Justice ("DOJ") not only with the *qui tam* complaint, but also with a "written disclosure of substantially all material evidence and information that the person possesses."  31 U.S.C. § 3730 (b) (2).  Serving an appropriate disclosure statement on DOJ does *not* satisfy the original source criterion of government disclosure. 31 U.S.C. § 3730(e)(4)(B); *United States ex rel. King v. Hillcrest Health Center, Inc.*, 264 F.3d 1271, 1280-81 (10th Cir. 2001), *cert. denied*, 535 U.S. 905 (2002). These are two separate requirements governed by two distinct schedules.  Davis has only met one.

This Circuit has held that the disclosure requirement really means that the government disclosure must occur not only prior to filing the complaint, but also prior to any "public disclosure" occurring. *Findley*, 105 F.3d at 690-91 (DC Cir.), *cert. denied,* 522 U.S. 865 (1997). *See also, United States ex rel. Jones v. Horizon Healthcare Corp.*, 160 F.3d 326, 334 (6th Cir. 1998) (Demonstrating that voluntary disclosure is required of a prospective original source.).

Nothing in Davis' complaint alleges that it made a 31 U.S.C. § 3730 (e) (4) (B) government disclosure prior to the public disclosure on May 24, 2006 in its unsealed discrimination complaint.  Nothing in the complaint alleges that Davis made a 31 U.S.C. § 3730(e)(4)(B) government disclosure prior to filing its sealed FCA complaint on April 4, 2006.

Davis alleges only that it made a FCA § 3730 (b) (2) disclosure to DOJ prior to filing the complaint.  This is insufficient.  Davis' failure to allege a 31 U.S.C. § 3730(e)(4)(B) disclosure

to the government renders Davis unable to claim "original source" status.  Davis' claims under both Count I and II of the complaint must fail.

### C.  THE FCA COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(6) BECAUSE DAVIS FAILS TO ALLEGE THE ELEMENTS OF FRAUD WITH PARTICULARITY

Counts I and II of the FCA complaint allege that the District violated the FCA, 31 U.S.C. § 3729 (a) (1) (2), by knowingly causing false or fraudulent claims or records to be made or presented to the federal government.  Davis' complaint allegations must withstand, therefore, not only the thresholds established by the FCA, 31 U.S.C. § 3729 (a) (1) (2), but also the specificity requirements of the Federal Rules of Civil Procedure Rules 9 and 11.

To adequately plead District Defendants' liability under the FCA, Davis must allege: (1) the existence of the request for payment, and (2) that the request was fraudulent.  *U.S. v. Bouchey*, 860 F. Supp. 890, 892 (D.D.C. 1994) (citing U.*S. ex rel. Glass v. Medtronics*, 957 F. 2d 605, 608 (8th Cir. 1992).  To adequately plead liability for fraud under Rule 9 (b), Davis must adequately state the time, place, and content of the false misrepresentations, the fact misrepresented, and what was retained or given up as a consequence of the fraud. *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1278 (D.C.Cir.1994). The claim also must state which individual made the misrepresentation. *See United States ex rel. Joseph v. Cannon*, 642 F.2d 1373, 1385 (D.C. Cir. 1981), *cert. denied*, 455 U.S. 999, (1982).  It is impermissible for Davis to rely on "information and belief" in making fraud allegations in this jurisdiction, instead of making more detailed, factual allegations. *See Bender,* 648 F. Supp. at 335-36*.* To adequately avoid Rule 11 sanctions, complaint allegations may not be based on rumor or suspicion.  *See e.g., Bankers, Trust Co. v. Old Republic Ins. Co.*, 959 F. 2d 677, 683 (7th Cir. 1992).

**1.    The Complaint Fails to Adequately Allege a Request for Payment Made by the District to the United States**

Davis must allege the existence of a request for payment as a first step toward overcoming a motion to dismiss.  *U.S. v. Bouchey*, 860 F. Supp. at 892, *supra* (citations omitted). Notwithstanding the myriad of allegations of suspicion that Davis alleges may have occurred in the Medicaid certification transactions by the District with the federal government, Davis fails to allege actual knowledge of the District's certification or that the certification was made.  Davis alleges "on information and belief" that "Defendant DCPS submitted the FY98 Cost Claim, unsupported claims for Medicaid services provided to children with special education needs in the District, in violation of the principles of reasonable cost reimbursement . . .." (Compl. ¶ 20). Failure to abide by cost reimbursement principles is not a claim for fraud.  More importantly, no fraud can be assumed without more specific allegations regarding actual submission of the purported "fraudulent" request for payment.  Fed. R. Civ. Pro. 9(b).

Similarly, other references to submissions to the government from the District Defendants are based upon "information and belief" that the submissions were made, were revised, or were unsupported. (*See e.g.* Compl. ¶¶ 18, 19, 21).  General allegations based on "information and belief," however, do not satisfy pleading rule requiring all averments of fraud to be stated with particularity.  *Bender,* 648 F. Supp. *at* 335-36 (D.D.C. 1986)*; See also, Bresson v. Thompson McKinnon Securities, Inc.,* 641 F. Supp. 338, 346 n. 6. (S.D.N.Y. 1986)*.*  Moreover, factual allegations that submissions were made, revised or unsupported do not, without more, properly support a claim for fraud.

      **2.**      *The Complaint Fails to Adequately Allege Fraud with the Requisite Degree of Particularity*

A complaint must allege the supporting facts of fraud with a higher degree of particularity.  Fed. R. Civ. P. 9 (b); *Juliano v. Federal Asset Disposition Association, 736 F. Supp. 348, 353 (D.D.C. 1990)* (Requiring heightened pleading in FCA claims).    This Circuit applies stringent pleading requirements that fraud be alleged "with particularity," as evident in the case of *United States ex rel. Williams v. Martin-Baker Aircraft Company, Ltd., et al.,* No. 03-7079 2003 WL 25719501 *2 (D.C. Cir. Nov. 26, 2004). The facts in the *Williams qui tam* suit arose as a result of the contracts that Defendant, Martin-Baker, negotiated with the Navy and subcontracted to Teledyne Technologies, and are summarized as follows:  Teledyne certified to Martin-Baker that the cost and pricing data it had made available to the government were accurate, complete and current to the best of its knowledge and belief. According to the complaint, Teledyne disregarded historical actual cost with respect to its certifications that, in turn, rendered Martin-Baker's invoices submitted to the Navy false claims. Relator Williams, who was Martin-Baker's chief Contract Negotiator from 1991 to 1996, allegedly told the Navy to "continue to challenge" the cost or pricing data for products sold under one of the contracts, and reported to his superior that he had so advised the Navy. *Williams* at *1.

In 1997, Williams filed a *qui tam* lawsuit under the FCA alleging that Martin-Baker and Teledyne had submitted false claims to the Navy. *Id.*  The federal government declined to intervene.

The district court dismissed the FCA claim for failure to allege fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.  *Williams* at *2.  In affirming the dismissal, the court of appeals noted that Williams' allegations that the time of the alleged false representations extended "at least through 2002" was "entirely inadequate" because it did

not allege a start date.  *Id*. at *3.

The court of appeals next held that Williams had failed to identify with the required particularity the individuals who allegedly were involved in the fraud. The court held that a reference to "management," coupled with a long list of names, was inadequate because the complaint failed to explain the role of any of the listed individuals in the alleged fraud.  *Id.*  This deficiency not only failed to provide information necessary to prepare a defense, but also subjected the named individuals to vague and potentially damaging allegations of fraud, which was contrary to one of the primary purposes of Rule 9 (b). *Id.*

In the *Davis* fraud claim, *sub judice*, Davis assumes that a revised Medicaid Reimbursement Cost Claim was submitted "in or about the Spring of 2002." (Compl. ¶ 18.)  This is an insufficient statement of "time" to support a claim for fraud.  *United States ex rel. Williams at* 2003 WL 25719501 *3.  This assertion is based solely and inadequately on "information and belief."  This Court has frowned on the use of "information and belief" pleading, because such tactics are generally employed to mask fishing expeditions.  *Bender, 648 F. Supp. at 335-36.*

Also "upon information as belief," Davis alleges that the costs reimbursements were paid from the federal government into the District's general treasury account, instead of the Special Education Reimbursement account. (Compl. ¶ 21) Again, this statement does not assert any particularized fraud on the part of the District Defendants that is sufficient to treble damages, engage in lengthy discovery and trial, or injure political reputations.

Davis alleges that a revised cost claim was submitted without supporting documentation. (Compl. ¶ 19).  In the tripartite requirements for adequately pleading fraud, which are time, place, and manner, there is no requirement of supporting documentation.  That Davis admits that

it retained the documentation does not satisfy the pleading requirement and begs the question whether Davis also admits to being a party to the alleged fraud. (*Id.*)

The purpose of particularized pleadings for fraud-related pleadings is three-fold: First, it discourages nuisance suits; second, it prevents plaintiff from sullying the reputation of a defendant with baseless allegations; and, third, it puts a defendant on notice of the actions he must investigate and defend. *U.S. v. Cannon*, 642 F. 2d at 1385.

Where, as here, the tripartite purpose is not met, the complaint must fail. The facts alleged by Davis do not support the claims for damages asserted in paragraphs 31-34 and 37-38 of the complaint. Similar to the relator in *Williams*, *supra*, Davis fails to stringently allege the time, place, content, or persons involved in the purported fraudulent activities with sufficient particularity. Davis meets neither the requirements of the FCA, 31 U.S.C. § 3729 (a) (1) (2), or Fed. R. Civ. Pro. 9 (b) or 11. The claims alleged under Counts I and II of the complaint must be dismissed.

### D. COUNT III ALLEGING CONSPIRACY TO DEFRAUD SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. PRO. 12 (b)(6)

Davis asserts a third basis for FCA liability derived from a conspiracy to defraud the government. 31 U.S.C.A. § 3729 (a) (3). However, Davis' Count III fails for its failure to allege concerted action, and failure to acknowledge the intracorporate conspiracy doctrine, which recognizes that it not possible for the District, its independent agencies, its officials, employees, and agents to conspire since they are one entity.

The FCA provides liability for certain acts against any person who: "conspires to defraud the Government by getting a false or fraudulent claim allowed or paid." 31 U.S.C. § 3729 (a) (3). To state a claim under § 3729(a) (3), Davis must assert: (1) that defendant conspired with

one or more persons to have a fraudulent claim paid by the United States, (2) that one or more of

the conspirators performed any act to have such a claim paid by the United States, and (3) that

the United States suffered damages as a result of the claim. *See, e.g., United States ex rel.*

*Stinson, Lyons, Gerlin & Bustamonte, PA v. Provident Life & Accident Ins. Co.,* 721 F. Supp.

1247, 1259 (S.D. Fla. 1989) (citing *Blusal Meats, Inc. v. United States*, 638 F. Supp. 824, 828

(S.D.N.Y.1986), *aff'd*, 817 F.2d 1007 (2d Cir.1987)).

### 1.    The Intracorporate Conspiracy Doctrine Bars Relief under Count III

Plaintiffs allege that the Defendants conspired with others to defraud the United States

Government by inducing the United States Government to pay or approve false or fraudulent

claims, by knowingly conspiring with the persons and entities described here, and with others, to

defraud the Federal Government by getting a false or fraudulent claim allowed or paid. . . . [and

by] making fraudulent representations, submitting unsubstantiated claims for payment, and

failing to disclose material facts.  (Compl. ¶ 41).  The "persons and entities" described in the

complaint, however, are District of Columbia employees, agencies, agents or officials.  (*See, e.g.*,

Compl. ¶ 17, which lists a District Director of Operations Improvements Division of the Deputy

Mayor for Operations and a School District CFO); (*See, e.g.* Compl. ¶ 12 and 24, which lists

Maximus, a District contractor).

As a matter of law, the District, a municipal corporation, cannot conspire with itself.  *See*,

*Gladden v. Barry*, 558 F. Supp. 676, 680 (D.D.C. 1983) (The District of Columbia government is

a single entity acting and cannot be said to conspire with itself through its officials); *Michelin v.*

*Jenkins,* 704 F. Supp. 1, 4 (D.D.C 1989) (there can be no conspiracy between the District of

Columbia Board of Education and its officials to violate plaintiff's rights because the defendants

comprised a single entity that was incapable of entering into a conspiracy).  *See also, Hilliard v.*

*Ferguson,* 30 F. 3d 649, 653 (5th Cir.1994) (Public school board and its employees constitute single legal entity and acts of the agents are acts of the corporation).

> **2.    Failure to Allege Conspiratorial Concerted Action Bars Relief under Count III**

Nowhere in the complaint does Davis allege facts that show an agreement was made by or between the persons named in the FCA complaint to support a conspiracy.   Missing from this prolix pleading is an assertion of concerted action.  As a matter of law, an agreement among two or more persons is an essential element of conspiracy.  *Blusal Meats,* 638 F. Supp. at 828. Conspiracy under the FCA requires proof of an agreement to get a false claim allowed or paid. *Id.*  Davis' failure to allege the existence of any agreement to get a false claim allowed or paid is anathema to liability for an alleged conspiracy to defraud the government claim under § 3729 (3).

In summary, Count III should be dismissed since Davis' sole conspiracy averment is the legal conclusion that the conspiracy took place.  (Compl. ¶ 41).  Merely inserting the tag-line, ". . . with others. . .," without more should not garner Davis the fishing expedition that it seeks to tarnish the reputations of individual District of Columbia officials, employees and agents or waste this Court's valuable resources.

> **E.  THE DISTRICT OF COLUMBIA PUBLIC SCHOOLS (DCPS) SHOULD BE DISMISSED FROM THIS SUIT SINCE DCPS IS "NON SUI JURIS"**

It is a true statement that the DCPS board is independent of the District of Columbia and organized pursuant to D.C. CODE § 1-204.95. (*See* Compl. ¶ 6). As a matter of law, the school board's DCPS' independent status does not create for Davis a right to sue DCPS since it is *non sui juris.*

The D.C. School Board is not a suable entity.  *Kelly v. Morris*, 400 A.2d 1045, 1047

(D.C. 1979).  A suit for damages against the D. C. School board cannot survive, as the enabling

legislation does not provide that the Board is a body corporate and politic having the capability

to sue or be sued.  *Parker v. District of Columbia,* 588 F. Supp. 518, 522-523 (D.D.C. 1983).

Therefore, any action against a D.C. government agency, such as this claim filed against DCPS,

is void *ab initio* and cannot be heard by this Court.

## III.     CONCLUSION

For all the reasons set forth above, Davis' complaint should be dismissed with prejudice.

Respectfully submitted:

PETER NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

ELLEN EFROS [250746]
Chief, Equity Section I

/s/ Denise J. Baker
Denise J. Baker
D.C. Bar No. 493414
Assistant Attorney General
441 4th Street, Northwest, 6th Floor South
Washington, D.C. 20001
202-442-9887 (Telephone)
202-727-0431 (Facsimile)
Denise.baker@dc.gov