UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
THE UNITED STATES OF AMERICA        )
ex rel. MICHAEL L. DAVIS,           )
                                    )
            Plaintiffs,             )
                                    )   Case Number: 06-629 (JDB)
        v.                          )
                                    )
THE DISTRICT OF COLUMBIA, et al.,   )
                                    )
            Defendants.             )
_____ )

### MICHAEL L. DAVIS' MOTION FOR LEAVE TO FILE A SUR-REPLY IN FURTHER OPPOSITION TO THE DISTRICT OF COLUMBIA'S <u>MOTION TO DISMISS</u>

Plaintiff Michael L. Davis requests leave of Court to file a sur-reply in Further Opposition to the District of Columbia's Motion to Dismiss. In its Reply, the District of Columbia ("District") raised new issues not addressed in the pending Motion or Opposition, including:

- The District now asserts, for the first time, that its failure to comply with Medicaid recordkeeping requirements does not make its reimbursement claims "false" within the meaning of the False Claims Act, and that Davis' complaint therefore fails to state a claim;

- The District attached an (incomplete) Audit Report from 2002 to its Reply, claiming that this Report publicly discloses the information underlying the Complaint, thereby precluding subject matter jurisdiction pursuant to the False Claims Act;

- The District now asserts, for the first time, that it **did** base its reimbursement claims for Fiscal Year 1998 on a review of the medical encounter records in Davis' possession, and that it "constructively possesses" these documents;

- The District now asserts, for the first time, that Davis "did not prove" that Medicaid reimbursed the District because of its false statements—first, Davis is not required to *prove* anything in a complaint and second, the District's new causation argument is based on a misinterpretation of the False Claims Act, already rejected by the District of Columbia Circuit.

The arguments and submissions identified above are new issues raised for the first time in the District's Reply, and consideration of these issues without a response would be manifestly unfair to Davis.

Therefore, Davis requests that the Court grant leave to file a sur-reply. The District does not consent to the requested relief. Davis submits the attached Proposed Order and Memorandum of Points and Authorities in further support of this motion.

Dated: May 23, 2008                             Respectfully submitted,


                                                __Curtis A. Boykin_____
                                                Frederick A. Douglas DC Bar 197897
                                                Curtis A. Boykin DC Bar 444120
                                                DOUGLAS & BOYKIN PLLC
                                                1850 M Street NW, Ste. 640
                                                Washington, DC 20036
                                                202.776.0370 (ph)
                                                202.776.0975 (fx)

## CERTIFICATE OF SERVICE

This is to certify that on this 23rd day of May, 2008, true copies of the foregoing Motion for Leave to File a Sur-Reply in Further Opposition to the District of Columbia's Motion to Dismiss and the accompanying Memorandum were served via electronic transmission through the electronic case filing system upon counsel for the named parties.

                                                                                /s/_____
                                                                                 Curtis A. Boykin

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____  )
                                                           )
THE UNITED STATES OF AMERICA  )
ex rel. MICHAEL L. DAVIS,              )
                                                           )
            Plaintiffs,              )
                                                           )   Case Number: 06-629 (JDB)
       v.                                           )
                                                           )
THE DISTRICT OF COLUMBIA, et al., )
                                                           )
           Defendants.          )
_____  )

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**MICHAEL L. DAVIS' MOTION FOR LEAVE TO FILE A SUR-REPLY IN**
**FURTHER OPPOSITION TO THE DISTRICT OF COLUMBIA'S**
**<u>MOTION TO DISMISS</u>**

If a movant raises arguments for the first time in his reply to the nonmovant's opposition, the court may provide the nonmovant an opportunity to respond to those arguments by granting leave to file a sur-reply. *Ben-Kotel v. Howard Univ.*, 355 U.S. App. D.C. 82, 319 F.3d 532, 536 (D.C. Cir. 2003). Otherwise, consideration of new arguments would be "manifestly unfair" to the nonmovant. *Herbert v. National Academy of Sciences*, 297 U.S. App. D.C. 406, 974 F.2d 192, 196 (D.C. Cir. 1992). In such circumstances, consideration of a sur-reply furthers the interests of fairness and elucidation of the law through the adversarial process. *United States ex rel. Purcell v. MWI Corp.*, 520 F. Supp. 2d 158, 167 (D.D.C. 2007).

This is one of those situations where a sur-reply is appropriate. Consideration of the new arguments raised by the District of Columbia ("District") would be unfair to

Davis since he would otherwise have no chance to respond to them. In its Motion to Dismiss, the District argued for dismissal on the following grounds:

- That the Joint Statement of the Case submitted in *Davis v. District of Columbia*, No. 06-cv-972-GK was a public disclosure of the facts underlying Davis's False Claims Act ("FCA") complaint and that the Court therefore lacked subject matter jurisdiction; and

- That Davis failed to allege the existence of a fraudulent request for payment as required by the FCA and failed to plead fraud with the particularity required by FRCP 9 (b).

The District submits the following new arguments for the first time in its Reply:

- That Medicaid regulations do not require the District to base its reimbursement claims on documentation that it maintains in its possession;

- That a 2002 Audit Report, an incomplete copy of which is attached to the Reply, is a public disclosure of the facts underlying Davis' Complaint;

- That it did in fact review and maintain the documentation in question; and

- That in addition to the requirement of pleading a fraudulent request for payment, the FCA requires a relator to plead that the false request or statement caused the government to pay the claim.

These are not simply restatements of the arguments in the original motion: they are based on Medicaid regulations not mentioned or cited in the motion, submissions of new evidence, factual allegations raised for the first time in the Reply, and a different interpretation of the requirements of the False Claims Act.

2

A. **THE DISTRICT NOW ARGUES THAT IT IS NOT REQUIRED TO MAINTAIN DOCUMENTATION TO SUPPORT ITS MEDICAID REIMBURSEMENT CLAIMS**

The District did not discuss or cite a single Medicaid regulation in its Motion to Dismiss. Now, the District asserts that its failure to maintain records in support of cost claims as required by 42 C.F.R. § 413.20 and its failure to base its cost claims on those records as required by 42 C.F.R. § 413.24 do not make the cost claims "false" claims under the FCA.

A claim is false under the FCA where a party falsely certifies compliance with a regulation as a condition to government payment. *United States ex. rel. Mikes v. Straus*, 274 F.3d 687, 697 (2d Cir. N.Y. 2001) (citing *United States ex rel. Siewick v. Jamieson Sci. & Eng'g, Inc.*, 341 U.S. App. D.C. 459, 214 F.3d 1372, 1376 (D.C. Cir. 2000)). The act of submitting a claim for reimbursement itself implies certification of compliance with regulations that are a precondition to payment. *Mikes* at 699 (citing *United States v. Neifert-White Co.*, 390 U.S. 228, 232 (1968)). The regulations require that the District maintain "sufficient financial records and statistical data for proper determination of costs payable under the program." 42 C.F.R. § 413.20 (a). The regulations further require that claims must be based on financial records capable of verification by qualified auditors. 42 C.F.R. § 413.24 (a). Davis should be allowed to fully address the District's erroneous contentions that it is exempt from Medicaid regulations in a sur-reply.

B. **THE NEWLY SUBMITTED AUDIT REPORT**

Apparently abandoning its claim that Davis' Joint Statement—filed over a month *after* his FCA Complaint—was a public disclosure of the information on which the FCA

3

complaint was based, the District attempts to rehabilitate its argument that the action should be dismissed for lack of subject matter jurisdiction by doing two things: 1) presenting another document that it claims constitutes a public disclosure of the information on which Davis' claim is based and 2) ignoring the fact that Davis is an original source of that information.

The incomplete Audit Report attached to the District's Reply is not a public disclosure barring subject matter jurisdiction. The FCA prohibits subject matter jurisdiction over actions where either the allegations or essential elements of fraud have been made public. *United States ex rel. Springfield Terminal Ry. Co. v. Quinn*, 304 U.S. App. D.C. 347, 14 F.3d 645, 654 (D.C. Cir. 1994). The audit report does not allege fraud—it simply discloses recordkeeping deficiencies for fiscal year 1998 ("FY98").

Assuming the Report was a public disclosure of fraud, the District continues to ignore that Davis qualifies as an original source of that information, going so far as to claim that Davis fails to address this issue in Opposition to the Motion to Dismiss. (See District's Reply Mem. at 16). Davis addressed his status as an independent source of the information underlying his FCA complaint at length in his Opposition. (See Davis' Opposition Mem. at 7-9). A sur-reply would allow Davis an opportunity to fully explain to the Court why the Report is not a public disclosure and why, even if it were, the Court would retain subject matter jurisdiction.

C.   **THE DISTRICT NOW ASSERTS THAT IT HAS COMPLIED WITH RELEVANT REGULATIONS**

The District now asserts that it has reviewed and maintained the documentation for its 1998 reimbursement claims. In doing so, the District impermissibly asks the Court

4

to reconsider the truth of Davis' allegations—Davis states in his Complaint that the District could *not* have reviewed the documentation supporting the cost claim, because he never submitted it to the District. (See Personal Disclosure Statement of Michael L. Davis at page 2, attached to Complaint as Exhibit 1). In considering a motion to dismiss, the Court should give the plaintiff the benefit of all inferences that can be derived from the facts as alleged, assuming those facts to be true. *United States v. Bouchey*, 860 F. Supp. 890, 893 (D.D.C. 1994).

The District's allegation that it maintains the records constructively because Davis has them in his possession, misrepresents the nature of the contractual relationship between Davis and the District. Davis would more fully address this issue if permitted to file a sur-reply.

### D. THE DISTRICT NOW ARGUES THAT THERE IS AN ADDITIONAL CAUSATION REQUIREMENT OF THE FCA THAT DAVIS HAS FAILED TO "PROVE".

The District alleges that Davis has failed to "prove" that its false, unsupported cost claims caused the government to pay those claims. (See Reply Memo. at 7). Davis is not required to "prove" anything in a complaint. Further, the District acknowledges that failure to adhere to these recordkeeping requirements disallows Medicaid reimbursements. (See Reply Memo. at 17). By submitting the two reimbursement claims, the District impliedly certified compliance with the recordkeeping requirements necessary for the claims to be paid. This "causation" requirement was not raised in the

5

District's Motion to Dismiss, and allowing Davis an opportunity to respond would further the interests of fairness.[1]

## CONCLUSION

For the foregoing reasons, Davis respectfully requests leave to file a sur-reply in to address those new issues raised by the District in its reply.

Dated: May 22, 2008                                    Respectfully submitted,

                                                           _Curtis A. Boykin_____
                                                         Frederick A. Douglas DC Bar 197897
                                                         Curtis A. Boykin DC Bar 444120
                                                         DOUGLAS & BOYKIN PLLC
                                                         1850 M Street NW, Ste. 640
                                                         Washington, DC 20036
                                                         202.776.0370 (ph)
                                                         202.776.0975 (fx)

---

[1] The District also claims that Davis is somehow complicit in the District's fraud. (See Reply Memo. at 8). In light of Davis' ongoing efforts to expose the District's false claims and his cooperation with the United States government in its investigation, this claim is bizarre, and would also be addressed in a sur-reply.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) <br> THE UNITED STATES OF AMERICA ) <br> ex rel. MICHAEL L. DAVIS, ) <br>                             ) <br>             Plaintiffs, ) <br>                             ) <br>             v. ) <br>                             ) <br> THE DISTRICT OF COLUMBIA, et al., ) <br>                             ) <br>             Defendants. ) <br> _____ ) | Case Number: 06-629 (JDB) |

**[PROPOSED] ORDER**

Having considered Plaintiff Michael L. Davis' Motion for Leave to File a Sur-Reply in Further Opposition to the District of Columbia's Motion to Dismiss and any Opposition thereto, it is this ___ day of _____, 2008, hereby

**ORDERED**, that the motion for leave to file a Sur-Reply is granted; and it is further

**ORDERED,** that Plaintiff shall file his Sur-Reply not later than June ___, 2008.

                                             _____
                                             Judge John D. Bates
                                             United States District Court
                                             for the District of Columbia

7