UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* Michael L. Davis,<br><br>    Plaintiff,<br><br>    v.<br><br>DISTRICT OF COLUMBIA,<br><br>    Defendants. | Civil Action No.  06-0629 (JDB) |

### ORDER

Currently before the Court is [73] plaintiff Michael Davis's motion to amend his complaint in this qui tam case. In his original complaint, Davis alleged that the District of Columbia submitted to the federal government in March 2002 false claims for Medicaid reimbursement for fiscal year 1998. Compl. ¶ 18. In Davis's proposed amended complaint, he withdraws his March 2002 allegation, and instead alleges that the purported false claims for fiscal year 1998 were submitted as early as January 2000. See Pl.'s Mot. to Amend Compl. [Docket Entry 73], Exhibit A ("Prop. Amend. Compl."), ¶ 15. For the reasons described below, the Court will grant Davis's motion.

Under Federal Rule of Civil Procedure 15, a party may amend its complaint once as a matter of course within 21 days of serving it, or within 21 days of receiving a responsive pleading or dispositive motion. When this option is no longer available, as here, a party may amend its complaint "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). "[A] district court

-1-

should grant leave to amend a complaint '[i]n the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" Atchinson v. Dist. of Columbia, 73 F.3d 418, 425-26 (D.C. Cir. 1996) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). Here, the District offers a number of arguments as to why the Court should deny Davis leave to amend. None is persuasive.

The District first suggests that leave to amend should be denied because Davis did not seek to amend his complaint until two days before the close of discovery. See Def.'s Opp'n to Pl.'s Mot. [Docket Entry 76] ("Def.'s Opp'n"), at 6. The Court, however, sees no undue delay. Davis has represented to the Court that the factual basis for his proposed amended complaint only became apparent through a deposition taken of a District witness in late November 2009. See Pl.'s Reply in Support of Mot. [Docket Entry 79] ("Pl.'s Reply"), at 2. He sought leave to amend in mid-January 2010. There is nothing improper, then, in the timing of Davis's motion.

The District also argues that the Court should deny Davis leave to amend his complaint because the amended complaint would "'radically alter the scope and nature of the case and bears no more than a tangential relationship to the original action.'" Def.'s Opp'n at 8-9 (quoting Mississippi Ass'n of Cooperatives v. Farmers Home Admin., 139 F.R.D. 542, 544 (D.D.C. 1991)); see also Leggett v. Powers, 2009 WL 4032664, at *1 n.1 (D.D.C. 2009). But the proposed amended complaint does no such thing. Although the new pleading alleges that the supposedly false claims were submitted in 2000, rather than in 2002, the "scope and nature of the case" remains the same: whether the District's Medicaid reimbursement submissions to the

federal government for fiscal year 1998 were false claims under the False Claims Act.

Next, the District argues that amendment would be futile because Davis's new allegations are barred by the False Claims Act's six-year statute of limitations. On the limited record and briefing before it, however, the Court cannot definitively say whether the statute of limitations bars the claims in Davis's proposed amended complaint. Davis's proposed amended complaint states that the alleged false claim was submitted by the District of Columbia Public Schools to the District of Columbia Medical Assistance Administration in January 2000. See Prop. Amend. Compl. ¶ 15. Davis's original complaint was filed April 4, 2006, just over six years after the January 2000 submission.[1] The January 2000 date in the proposed amended complaint, however, concerns the submission of an alleged false claim <u>to the District of Columbia government</u>. The proposed amended complaint offers no information about when, or even whether, this claim was submitted to the federal government. Thus, the Court is unable to determine at this time whether Davis's proposed amended complaint can survive the False Claims Act's statute of limitations. The District may raise this argument in a new motion for summary judgment.

Finally, the District contends that granting leave to amend would be futile because Davis's proposed amended complaint does not properly plead a False Claims Act violation. As noted above, Davis's proposed amended complaint does not specifically allege that the supposed false claim was submitted to the federal government. Actual submission to the federal government of an alleged false claim is, as the District points out, "the '<u>sine qua non</u> of a False

---

[1] Contrary to the District's contentions, see Def.'s Opp'n at 10-11, the proposed amended complaint asserts a claim that arises "out of the conduct, transaction, or occurrence set out . . . in the original pleading" -- namely, the submission of an allegedly false claim for reimbursement of fiscal year 1998 Medicaid costs. See Fed. R. Civ. P. 15(c)(B). Thus, it properly "relates back" to the date Davis filed his original complaint. See id.

Claims Act violation.'" Def.'s Opp'n at 17 (quoting United States ex rel. Clausen v. Lab. Corp. of America, 290 F.3d 1301, 1311 (11th Cir. 2002)).  Therefore, the District argues, Davis's proposed amended complaint could not survive a motion to dismiss.

The District cannot sustain this argument -- whatever its merits -- in light of concessions the District makes in its opposition to plaintiff's motion.  In its opposition, the District agrees that "the existing complaint alleges that the District's Medicaid program submitted [a] false claim to the federal government." Def.'s Opp'n at 12 (citing Compl. ¶¶ 18, 19, 21, 30, 32).  The paragraphs in the existing complaint that the District cites for this proposition, however, are materially indistinguishable from -- and at times identical to -- paragraphs in the proposed amended complaint.  Compare Compl. ¶¶ 18, 19, 21, 30, 32, with Prop. Amend. Compl. ¶¶ 15, 19, 21, 30, 32.  Having conceded that the original complaint adequately alleges that the District presented false claims to the federal government, the District cannot now contend that the proposed amended complaint -- materially indistinguishable from the original complaint in this respect -- fails to do so.

Accordingly, it is hereby **ORDERED** that [73] Davis's motion to amend his complaint is **GRANTED**; and it is further

**ORDERED** that [49] the District's motion for summary judgment is **DENIED as moot**.
**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Date: February 18, 2010